**UNITED STATES of America, Appellee**

v.

**Anthony Maurice SUGGS, Also Known As Applejack, Appellant**

**No. 15-3092**
**September Term, 2016**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: May 23, 2017

Patricia Ann Heffernan, Elizabeth Trosman, Esquire, Assistant U.S. Attorney, USAO Appellate Counsel, U.S. Attorney's Office, (USA) Appellate Division, Washington, DC, for Plaintiff-Appellee .

Anthony Maurice Suggs, Pro Se

Before: Millett, Circuit Judge, and Sentelle and Randolph, Senior Circuit Judges.

# JUDGMENT

Per Curiam

This case comes before the court on appeal from the United States District Court for the District of Columbia's order denying Appellant Anthony Suggs' petition to overturn his conviction under 28 U.S.C. § 2255. This action was considered on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the United States District Court for the District of Columbia be affirmed.

Anthony Maurice Suggs was found guilty after a jury trial of one count of conspiracy to distribute and possess with intent to distribute one kilogram of PCP (Phencyclidine) and one count of unlawful possession with intent to distribute one kilogram or more of PCP. *See United States v. Suggs*, 146 F.Supp.3d 151, 154–155 (D.D.C. 2015). We affirmed his conviction. *See United States v. Ernest Glover*, 681 F.3d 411, 416 (D.C. Cir. 2012).

The following year, we reversed convictions in two cases arising out of the same criminal conspiracy. First, in *United States v. Lonnell Glover*, 736 F.3d 509 (D.C. Cir. 2013), this court held that evidence obtained from an audio recording device (commonly referred to as a "bug") placed in Lonnell Glover's truck should have been suppressed because the warrant for such electronic monitoring was issued by a judge in the District of Columbia, but the bug was attached to the truck in Maryland. *See id.* at 512–516.

Second, in *United States v. Hampton*, 718 F.3d 978 (D.C. Cir. 2013), this court held that FBI Agent John Bevington's trial testimony exceeded the permissible bounds of lay witness opinion testimony under Federal Rule of Evidence 701, *see id.* at 983. Specifically, Agent Bevington improperly offered interpretations of evidence to the jury that depended upon and reflected his knowledge of the entire investigation, even though only a small portion of that underlying information was presented to the jury. *Id.* at 982–983. That informational imbalance between Agent Bevington and the jury left the jury without any practicable "way of verifying his inferences or of independently reaching its own interpretations" of the evidence. *Id.* at 983.

Because evidence from the electronic monitoring of Glover's truck and testimony by Agent Bevington were both admitted in his case, Suggs filed a motion to overturn his conviction under 28 U.S.C. § 2255. Suggs argued that he was denied his Sixth Amendment right to effective counsel because his attorney failed to object to the admission of the "truck bug" evidence, and raised only an initial, general objection to the admission of Agent Bevington's testimony without objecting to specific statements during the Agent's testimony. *Suggs*, 146 F.Supp.3d at 159–161.

The district court ruled that the failure to challenge the "truck bug" evidence constituted deficient performance, but that the failure to object to some of Agent Bevington's testimony did not constitute deficient performance. *Suggs*, 146 F.Supp.3d at 159–161. The district court further concluded that any errors were not prejudicial because the overwhelming weight of properly admitted evidence supported Suggs' conviction. *Id.* at 161–164. The district court granted Suggs a certificate of appealability. *See* 28 U.S.C. § 2253(c); *see also* FED R. APP. P. 22.

We review ineffective assistance of counsel claims *de novo*. *See, e.g., United States v. Stubblefield*, 820 F.3d 445, 448 (D.C. Cir. 2016). Applying that standard, we hold

that Suggs has failed to demonstrate that any alleged deficiencies by trial counsel prejudiced his defense.

To establish constitutionally ineffective representation, Suggs must demonstrate both that "(i) 'counsel's representation fell below an objective standard of reasonableness' and (ii) 'the deficient performance prejudiced the defense.'" *United States v. Nwoye*, 824 F.3d 1129, 1134 (D.C. Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We can start our analysis with either prong, bypassing the question of deficient performance by counsel altogether if no prejudice has been shown. That is because the purpose of the constitutional inquiry "is not to grade counsel's performance," but instead to determine if the defendant's right to a fair trial was denied. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *see also United States v. Udo*, 795 F.3d 24, 30 (D.C. Cir. 2015) ("If the defendant fails to demonstrate prejudice, we may affirm the conviction without deciding whether counsel's performance was deficient.").

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. A "reasonable probability" is less than a preponderance, but is a "probability sufficient to undermine confidence in the outcome." *Id.*; *see also id.* ("The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.").

The problem for Suggs is that, even subtracting out the "truck bug" evidence and the arguably impermissible portions of Agent Bevington's testimony, a solid wall of evidence demonstrating Suggs' guilt remains, including:

(1) A controlled buy of PCP from Suggs by a government cooperator, *Suggs*, 146 F.Supp.3d at 163;

(2) A controlled buy of PCP by a cooperator from one of Suggs' alleged co-conspirators during which the alleged co-conspirator told the cooperator that he needed to make a call. The call was to Suggs, as confirmed by pen register evidence, *id.* at 161;

(3) At least two calls between Suggs and an alleged co-conspirator that led to video surveillance of meetings between the two later on the same day, *id.* at 163; and

(4) A call from Suggs' girlfriend about a strong odor emanating from their house, which led to a search warrant that uncovered thirteen bottles of PCP weighing 7.7 kilograms, a bucket that tested positive for PCP residue, air fresheners, a measuring cup, a funnel, $7,000 cash in Suggs' jacket, and a bank withdrawal receipt confirming that the cash was from Suggs' account, *id.* at 163–164, 167.

That evidence by itself convincingly supports the jury's determination that Suggs participated in a conspiracy to distribute and possess at least one kilogram of PCP, and unlawfully possessed with intent to distribute at least one kilogram of PCP. Accordingly, even assuming the performance of Suggs' counsel was deficient, Suggs' defense was not prejudiced by the failure to object to the truck bug evidence or Agent Bevington's testimony.

For those reasons, we affirm the district court's denial of Suggs' petition challenging his conviction under 28 U.S.C. § 2255.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).